**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KENNETH BANACISKI,**

    **Plaintiff,**

v.                                                                                   Case No:

**AMERICAN HONDA FINANCE**
**CORPORATION d/b/a HONDA**
**FINANCIAL SERVICES**,                               **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **KENNETH BANACISKI** ("Mr. Banaciski" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by: (a.) misrepresenting that Mr. Banaciski owed an alleged debt to Defendant after Mr. Banaciski's gap insurance had fully satisfied any outstanding balance on the subject account; (b.)

attempting to collect the alleged debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Banaciski's Cellular Telephone after Mr. Banaciski demanded that Defendant stop calling his Cellular Telephone, and (c.) by placing calls to Mr. Banaciski's place of employment and to Mr. Banaciski's coworker in connection with the collection of the alleged debt, which can all be reasonably expected to harass Mr. Banaciski.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Banaciski, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Banaciski is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-3039 ("Mr. Banaciski's Cellular Telephone").

6. Mr. Banaciski is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of California and its registered agent, CT CORPORATION SYSTEM, located at 1200 S. Pine Island Road, Plantation, Florida 33324.

## *Statements of Fact*

8. Mr. Banaciski purchased a vehicle using Defendant's financing option ("Vehicle"), which opened a unique account in Mr. Banaciski's name with Defendant ("Account").

9. Sometime thereafter, Mr. Banaciski was involved in a major motor vehicle accident that caused the Vehicle to be a total loss ("Accident").

10. At the time of the Accident, Mr. Banaciski had active gap insurance that covered any outstanding balance owed on the Account as a result of the Accident causing the Vehicle to be a total loss.

11. Accordingly, Mr. Banaciski did not owe Defendant any outstanding balance on the Account after his gap insurance was disbursed and satisfied any outstanding balance owed on the Account.

12. Despite Mr. Banaciski's gap insurance fully satisfying any outstanding balance owed on the Account, Defendant thereafter began placing calls to Mr. Banaciski and his cohorts in connection with the collection of an alleged outstanding balance of $100.00 owed on the Account ("Debt").

13. Specifically, Defendant began placing calls to Mr. Banaciski's Cellular Telephone, his employer, and his co-worker in attempts to collect the Debt.

14. In or around January of 2018, Mr. Banaciski spoke with one of Defendant's representatives and demanded that Defendant stop calling his Cellular Telephone.

15. During that conversation, Mr. Banaciski also informed Defendant that he did not owe the Debt because his gap insurance covered any outstanding balance on the Account after the Accident.

16. Despite Mr. Banaciski's demand, Defendant continued to place calls to Mr. Banaciski's Cellular Telephone in attempts to collect the Debt.

17. Specifically, Defendant called Mr. Banaciski's Cellular Telephone at least one hundred (100) times during the time period between January of 2018 and the present date.

18. Defendant called Mr. Banaciski's Cellular Telephone from several different telephone numbers, including, but not limited to: 1-800-717-0238.

19. All of Defendant's calls to Mr. Banaciski's Cellular Telephone were placed in attempts to collect the Debt.

20. All of Defendant's calls to Mr. Banaciski's employer were placed in attempts to collect the Debt.

21. All of Defendant's calls to Mr. Banaciski's co-worker were placed in attempts to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

22. Mr. Banaciski re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

24. Mr. Banaciski revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around January of 2018 when he expressly told Defendant to stop calling him.

25. Despite this revocation of consent, Defendant thereafter called Mr. Banaciski's Cellular Telephone at least one hundred (100) times.

26. Defendant did not place any emergency calls to Mr. Banaciski's Cellular Telephone.

27. Defendant willfully and knowingly placed non-emergency calls to Mr. Banaciski's Cellular Telephone.

28. Mr. Banaciski knew that Defendant called Mr. Banaciski's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

29. Mr. Banaciski knew that Defendant called Mr. Banaciski's Cellular Telephone using a prerecorded voice because Defendant left Mr. Banaciski at least one voicemail using a prerecorded voice.

30. Defendant used an ATDS when it placed at least one call to Mr. Banaciski's Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Banaciski's Cellular Telephone.

32. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Banaciski's Cellular Telephone.

33. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Banaciski's Cellular Telephone.

34. At least one call that Defendant placed to Mr. Banaciski's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

35. At least one call that Defendant placed to Mr. Banaciski's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

36. At least one call that Defendant placed to Mr. Banaciski's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Banaciski v. Honda Financial Services*
Page **6** of **12**

37. At least one call that Defendant placed to Mr. Banaciski's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

38. At least one call that Defendant placed to Mr. Banaciski's Cellular Telephone was made using a prerecorded voice.

39. Defendant has recorded at least one conversation with Mr. Banaciski.

40. Defendant has recorded more than one conversation with Mr. Banaciski.

41. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Banaciski, for its financial gain.

42. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Banaciski's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

43. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Banaciski, despite individuals like Mr. Banaciski revoking any consent that Defendant believes it may have to place such calls.

44. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS

to individual's cellular telephones, like the calls that it placed to Mr. Banaciski's Cellular Telephone.

45. Defendant's phone calls harmed Mr. Banaciski by trespassing upon and interfering with Mr. Banaciski's rights and interests in his Cellular Telephone line.

46. Defendant's phone calls harmed Mr. Banaciski by wasting his time.

47. Defendant's phone calls harmed Mr. Banaciski by being a nuisance and causing him aggravation.

48. Defendant's phone calls harmed Mr. Banaciski by causing a risk of personal injury to Mr. Banaciski due to interruption and distraction.

49. Defendant's phone calls harmed Mr. Banaciski by causing him emotional distress.

50. Defendant's phone calls harmed Mr. Banaciski by causing him to lose sleep.

51. Defendant's phone calls harmed Mr. Banaciski by invading his privacy.

52. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

## Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")

53. Mr. Banaciski re-alleges paragraphs 1-21 and incorporates the same herein by reference.

54. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(4) by placing calls to Mr. Banaciski's employer in connection with the collection of the Debt before obtaining any final judgment against Mr. Banaciski, without Defendant having obtained Mr. Banaciski's permission in writing to contact his employer, and without Mr. Banaciski acknowledging in writing the existence of the Debt after the Debt was placed for collections.

   b. Defendant violated Fla. Stat. § 559.72(5) by disclosing to Mr. Banaciski's co-worker information regarding the Debt that affected his reputation when Defendant knew or had reason to know that Mr. Banaciski's co-worker did not have a legitimate business need for the information, and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Banaciski v. Honda Financial Services*
Page **9** of **12**

when Defendant knew or should have known that the information was false because Mr. Banaciski did not owe the alleged Debt.

c. Defendant violated Fla. Stat. § 559.72(5) by disclosing to Mr. Banaciski's employer information regarding the Debt that affected his reputation when Defendant knew or had reason to know that Mr. Banaciski's employer did not have a legitimate business need for the information, and when Defendant knew or should have known that the information was false because Mr. Banaciski did not owe the alleged Debt.

d. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Banaciski's Cellular Telephone despite Mr. Banaciski's demands that Defendant stop calling him, which can reasonably be expected to harass Mr. Banaciski.

e. Defendant violated Fla. Stat. § 559.72(7) by placing calls to Mr. Banaciski's employer and co-worker in connection with the collection of the Debt, which can reasonably be expected to harass Mr. Banaciski.

f. Defendant violated Fla. Stat. § 559.72(9) by calling Mr. Banaciski, his employer, and his coworker in attempts to collect the Debt despite Mr. Banaciski's notification to

Defendant that the Debt was illegitimate because his gap insurance satisfied any outstanding balance owed on the Account after the Accident.

55. As a result of the above violations of the FCCPA, Mr. Banaciski has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

56. Defendant's phone calls harmed Mr. Banaciski by trespassing upon and interfering with Mr. Banaciski's rights and interests in his Cellular Telephone line.

57. Defendant's phone calls harmed Mr. Banaciski by wasting his time.

58. Defendant's phone calls harmed Mr. Banaciski by being a nuisance and causing him aggravation.

59. Defendant's phone calls harmed Mr. Banaciski by causing a risk of personal injury to Mr. Banaciski due to interruption and distraction.

60. Defendant's phone calls harmed Mr. Banaciski by causing him emotional distress.

61. Defendant's phone calls harmed Mr. Banaciski by causing him to lose sleep.

62. Defendant's phone calls harmed Mr. Banaciski by invading his privacy.

63. It has been necessary for Mr. Banaciski to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

64. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Banaciski v. Honda Financial Services*
Page **11** of **12**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Kenneth Banaciski, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 11, 2018**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

**Law Office of Michael A. Ziegler, P.L.**
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff